Rivera, Peticionario y Apelado, *v.* Comisión de Indemnizaciones a Obreros, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en un caso de *certiorari.*

No. 2223.—Resuelto en abril 29, 1921.

Certiorari contra la Comisión de Indemnizaciones a Obreros.—El objeto de la Ley No. 61 de junio 19, 1919, para enmendar la sección 28 de la Ley No. 10 de 1918 es el de que pueda someterse a la decisión de las cortes de distrito para revisión cualquier decisión de la Comisión de Indemnizaciones a Obreros.

Id.—Excepción Previa de Falta de Hechos.—Una petición de *certiorari* contra la Comisión de Indemnizaciones a Obreros expone hechos suficientes con tal que exprese que ésta dictó una resolución errónea y puntualice el error exponiendo algunas de las circunstancias bajo las cuales la decisión fué rendida. Los procedimientos de la comisión se someten a la corte de distrito para una revisión completa, cuyo procedimiento, no habiendo sido indicado por la Ley No. 61 de junio 19, 1919, debe ajustarse al artículo 36 del Código de Enjuiciamiento Civil.

Id.—Accidentes del Trabajo—Investigación e Informe sobre Accidentes del Trabajo.—Una resolución final de la Comisión de Indemnizaciones a Obreros no es necesariamente errónea por el hecho de que fuera dictada sin que el Departamento de Agricultura y Trabajo hubiera rendido el informe a que se refiere el párrafo primero del artículo 7 de la Ley No. 61 de junio 19, 1919.

Id.—Id.—Tiempo Necesario para la Curación del Lesionado.—En el presente caso en que hubo diversidad de criterio entre los peritos que examinaron al obrero lesionado, en cuanto al tiempo necesario para la curación, la Comisión de Indemnizaciones, conformándose con el informe de un perito que también era miembro de la comisión y el cual declaraba curado al lesionado, decidió el caso y fijó la cuantía de la reclamación. *Se resolvió:* que pudiendo quizás haber tardado en curar el lesionado más tiempo que el calculado por la comisión, procede la devolución del caso a la comisión para ulteriores procedimientos con amplia facultad para proceder según lo exijan los intereses del caso.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Hon. Attorney General, A. Arroyo* y *C. Llauger.*

Abogado del apelado: *Sr. M. A. Muñoz.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la Corte de Distrito de San Juan emitió una opinión en la cual expresaba que se había presentado una solicitud de *certiorari* a dicha corte y expedido el auto, y que los procedimiento de la Comisión de Indemnizaciones a Obreros en el caso del trabajador Ventura Rivera fueron debidamente sometidos a ella. Entonces, después de relacionar los procedimientos habidos ante la comisión la corte tomó en consideración las objeciones hechas por el fiscal general en representación de la comisión.

Convenimos con el razonamiento de la corte en que el objeto de la Ley No. 61 de junio 19 de 1919, enmendatoria del artículo 28 de la Ley No. 10 de 1918, es hacer que se presente cualquier decisión de la Comisión de Indemnizaciones a Obreros ante la corte de distrito para su revisión. La Ley No. 61 es como sigue:

"LEY

"Para enmendar el artículo 28 de la ley denominada 'Ley de Indemnizaciones por Accidentes del Trabajo,' aprobada el 25 de febrero de 1918.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Artículo 1.—Que el artículo 28 de la denominada 'Ley de indemnizaciones por accidentes del trabajo,' aprobada el 25 de febrero de 1918, queda por la presente enmendado del modo siguiente:

" 'Artículo 28.—Todo patrono que empleare obreros bajo las condiciones establecidas en esta ley, estará obligado a contribuir al "Fondo de depósito para indemnizaciones a obreros," en la forma y modo en ella prescritas: *Disponiéndose* que a instancia de la parte agraviada, la corte de distrito competente, podrá revisar mediante *certiorari,* cualquier decisión de la Comisión de Indemnizaciones a Obreros, que fuere dictada con infracción de las disposiciones de esta ley, siempre que dicho recurso se interpusiere en el término de 15 días desde la notificación de la decisión impugnada.

Y *disponiéndose* además, que la legalidad de cualquier cuota fijada por dicha comisión podrá ser también revisada, de igual modo y manera, mediante dicho recurso de *certiorari* interpuesto en el término antes referido.'

"Artículo 2.—Toda ley o parte de ley que se opusiere a la presente, queda por ésta derogada.

"Artículo 3.—Esta ley empezará a regir a los noventa días después de su aprobación."

La petición por tanto sólo necesita expresar que hubo una decisión errónea de la Comisión de Indemnizaciones a Obreros expresando alguna de las circunstancias bajo las cuales la decisión fué rendida. La naturaleza del error se verá con claridad, pues los procedimientos de la comisión se presentan necesariamente para una revisión completa por la corte de distrito, cuyo procedimiento no habiendo sido indicado por la Ley No. 61 debe ajustarse al artículo 36 del Código de Enjuiciamiento Civil, el cual prescribe lo siguiente:

Artículo 36.—Cuando por este código o por otra ley se confiera jurisdicción a una corte o funcionario judicial, se le confieren también todos los medios necesarios para hacerla efectiva; y en el ejercicio de ella, si el procedimiento no estuviere especialmente señalado en este código o en otra ley, podrá adoptarse cualquier otro procedimiento o modo adecuado que parezca estar más en harmonía con el espíritu de este código."

La corte en su opinión hace cierta insistencia en la omisión de la comisión en obtener un informe del Departamento de Agricultura y Trabajo, lo que la corte considera como una condición precedente al derecho de la comisión para actuar. Convenimos con el apelante en que esta cuestión fué abandonada por el hecho de no estar presentada a la comisión.

La parte pertinente del artículo 7 de la ley de febrero 25 de 1918, No. 10 de ese año, prescribe lo siguiente:

"Artículo 7.   *   *   *

"Deberá el Departamento de Agricultura y Trabajo dentro de las cuarenta y ocho horas de recibido aviso de la comisión de que

ha ocurrido un accidente a cualquier obrero sujeto a las disposiciones de esta ley, practicar una completa investigación sobre dicho accidente, la causa o causas del mismo, el carácter, naturaleza y alcance de las lesiones sufridas, y presentar un amplio informe de dichos hechos a la Comisión de Indemnizaciones a Obreros, incluyendo en el referido informe los demás hechos y circunstancias que a juicio de la Comisión de Indemnizaciones a Obreros pueda permitirle el dictaminar sobre la reclamación de indemnización del obrero lesionado, cuando se presente dicha reclamación a la comisión, según se dispone en la presente.

"La Comisión de Indemnizaciones a Obreros tendrá facultad para hacer cualquier otra investigación que estime necesaria, relacionada con los fines de esta ley.

"La Comisión de Indemnizaciones a Obreros o alguna persona merecedora de confianza designada por dicha comisión, queda por la presente expresamente autorizada para citar testigos bajo apercibimiento de desacato, tomar juramentos y declaraciones, examinar libros y evidencia documental esenciales al caso que se investiga, y visitar e inspeccionar los edificios, maquinaria y otras propiedades donde hubiere ocurrido un accidente a un trabajador.''

Considerando las disposiciones de los párrafos finales del artículo el informe del departamento no puede tener la fuerza que le da la corte, sólo sería una investigación parcial por la comisión y tal informe parece ser exigible por la comisión a su discreción. Dicha comisión también debe tener los peritos médicos exigidos por el artículo 5 y tiene facultad de acuerdo con dicho artículo 7 para seguir investigando y ampliar todos los medios legales para llevar a cabo sus facultades.

Nos inclinamos al parecer de que quizás en ciertos casos sería mejor oir al trabajador ante la comisión en pleno. En este caso, sin embargo, un miembro de la comisión lo examinó y no alegó nada en particular el trabajador por tal motivo. No encontramos de la prueba que la comisión cometiera error excepto en un punto, o sea en la cuantía de la indemnización fijada.

No estamos de acuerdo con el peticionario en que la

prueba tendía a demostrar lesiones de carácter permanente, pero, dada la diversidad de criterio entre los peritos en cuanto al tiempo necesario para la curación del lesionado, quizás tal tiempo sería mayor que el número de meses calculados por la comisión. De todos modos convenimos con la corte inferior en que el caso debe ser devuelto a la comisión para ulteriores procedimientos con amplia facultad para proceder según lo exijan los intereses del caso.

> *Confirmada la sentencia apelada pero enmendándola en el sentido de disponer la nulidad de la decisión de la comisión demandada y ordenando la devolución del record para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.