Rodríguez, Demandante y Apelado v. La Comisión de Indemnizaciones a Obreros, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre indemnización.

No. 2864.—Resuelto en noviembre 10, 1922.

Apelación—Accidente del Trabajo—Comisión de Indemnizaciones a Obreros.—Contra la sentencia pronunciada por una corte de distrito, resolviendo la apelación que puede establecerse ante ella contra la decisión de la comisión en casos de accidentes a obreros, no puede recurrir la comisión para ante el Tribunal Supremo de acuerdo con la ley especial sobre la materia.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Hon. Attorney General* y *L. Samalea.*

Abogado del apelado: *Sr. B. Esteves.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Juan Rodríguez sufrió un accidente trabajando en ciertas obras. Se dió cuenta a la Comisión de Indemnizaciones a Obreros. Se acordó el pago de sumas ascendentes a $168.20. No conforme Rodríguez, apeló para ante la corte de distrito y ésta decidió definitivamente el caso por sentencia de 22 de julio de 1922 ordenando a la comisión que pagara a Rodríguez como indemnización, la suma de dos mil dólares.

Contra la sentencia de julio 22 interpuso la Comisión de Indemnizaciones a Obreros el presente recurso de apelación. Radicados los autos, la parte apelada presentó una moción solicitando la desestimación del recurso basándose en que la ley especial sobre la materia sólo concede el derecho de apelar al obrero, no a la comisión.

La ley invocada para sostener la moción es el artículo 9 de la Ley de Indemnizaciones sobre Accidentes del Trabajo, tal como quedó enmendado por la sección 6 de la ley No. 61, de 1921, Leyes de 1921, p. 487. Dicho artículo 9 dice así:

"Artículo 9.—Se concederá al obrero recurso de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros para ante

la corte de distrito del distrito en donde ocurrió el accidente al reclamante, en todos los casos en que se considere perjudicado por el acuerdo de la comisión.

"Asimismo se concederá apelación de la decisión de la Comisión de Indemnizaciones a Obreros a cualquier patrono que hubiere radicado en la comisión su informe de empleo o planilla, figurando como patrono asegurado, a la fecha del accidente, solamente en caso que la decisión de la Comisión de Indemnizaciones a Obreros fuere al efecto de que el accidente es uno por el cual debe concederse indemnización de acuerdo con las disposiciones de esta ley.

"Dichas apelaciones se formalizarán presentando al secretario de la corte de distrito del distrito judicial donde ocurrió el accidente, y dentro de los treinta días subsiguientes al recibo del aviso de la decisión de la comisión, una exposición por escrito en la cual se expresen los hechos del accidente que motivó la reclamación ante la comisión y, además, una relación de los hechos en que se funda la apelación. Dicho escrito se hará en igual forma que una demanda corriente, de acuerdo con las disposiciones del Código de Enjuiciamiento Civil de Puerto Rico. La comisión deberá ser emplazada, con copia de dicha demanda y del emplazamiento, en las personas de sus miembros y en la forma que determina el Código de Enjuiciamiento Civil; *Disponiéndose,* que el obrero que apelare de la resolución de la Comisión de Indemnizaciones a Obreros, no tendrá que pagar costa ni incurrirá en gastos de clase alguna en la tramitación de estos asuntos en las cortes de distrito de Puerto Rico.

"Tendrá, además, el obrero el derecho de apelar de la resolución de la corte de distrito para ante la Corte Suprema de Puerto Rico de acuerdo con lo que determina el Código de Enjuiciamiento Civil de Puerto Rico para las apelaciones en pleitos civiles de las cortes de distrito para ante el Tribunal Supremo; *Disponiéndose,* que será deber de los taquígrafos de las cortes de distrito, transcribir las notas de los juicios, sin cobrar derecho alguno al apelante, y los secretarios de las cortes de distrito tendrán la obligación de preparar y certificar de oficio la transcripción de autos que deba elevarse al Tribunal Supremo de Puerto Rico, a los fines de dicha apelación.

"La Comisión de Indemnizaciones a Obreros, por conducto del Attorney General de Puerto Rico, comparecerá dentro del término fijado en el emplazamiento y alegará en la forma que determina el Código de Enjuiciamiento Civil de Puerto Rico.

"Tanto las cortes de distrito como la Corte Suprema darán pre-

ferencia a la consideración y resolución de estos asuntos sobre todos los demás asuntos pendientes ante las mismas.''

La ley es clara. El derecho a apelar para ante la Corte Suprema sólo se concede expresamente al obrero. La cuestión suscitada, de acuerdo con los términos de la ley especial sobre la materia, debe resolverse, pues, en favor del apelado.

La apelante sostiene que si se interpreta la ley en el sentido indicado, se reconocería un privilegio a una parte contrario al espíritu de nuestras instituciones. Si se tratara de un pleito entre dos ciudadanos, estaríamos conformes. Pero la relación que existe entre el obrero lesionado y la comisión, es distinta. El obrero reclama. La comisión decide. La comisión es un organismo que forma parte de la maquinaria gubernamental del pueblo. El pueblo por su legislatura y con la aprobación de su Ejecutivo decretó que de la resolución de la comisión pudiera apelar el obrero a la corte de distrito, otro de los organismos del gobierno, y decretó, además, que en caso de que la resolución fuera adversa al obrero éste pudiera recurrir al tribunal más alto de la Isla. Si bien la comisión está obligada a pagar, de fondos sujetos a su control, la indemnización, y tiene por tanto cierto interés pecuniario en el asunto, tal interés es el del pueblo y éste pudo considerarlo perfectamente garantido aceptando como final la resolución que dictara la corte de distrito, organismo, como hemos dicho, también creado por él mismo.

Invoca la apelante el artículo 295 del Código de Enjuiciamiento Civil que establece el derecho a apelar en general de las sentencias definitivas pronunciadas en pleitos o procedimientos especiales por las cortes de distrito.

Es indudable que la resolución apelada en este caso tiene el carácter de sentencia pronunciada en un pleito o procedimiento especial, y es indudable también que debería aplicarse al artículo invocado a no haber el legislador expresado su pensamiento de modo tan claro en el artículo 9 de la ley sobre indemnizaciones que dejamos transcrito.

Pide, por último, la apelante que en el caso de que el tribunal desestimare la apelación, haga un pronunciamiento declarando que el recurso apropiado es el *certiorari.*

Tal pronunciamiento no procede. No debemos prejuzgar la cuestión. Si de acuerdo con la ley y la jurisprudencia cabe el *certiorari* por estar envuelta una cuestión de jurisdicción, como sostiene la apelante, ésta sin reserva de ninguna especie por parte del tribunal podrá ejercitar su derecho en la seguridad de que si demuestra que le asiste le será reconocido.

*Desestimada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.