Flores et al., Peticionarias y Apeladas, *v.* Comisión de
Indemnizaciones a Obreros, Demandada y Apelante.

No. 3256.—*Resuelto en reconsideración:* Noviembre 13, 1924.

Apelación—Accidentes del Trabajo—Comisión de Indemnizaciones.—De una
resolución de la corte de distrito dictada en apelación de una orden de la
Comisión de Indemnizaciones a Obreros resolviendo una reclamación de los
herederos de un obrero fallecido a causa de accidente del trabajo, no puede
apelar la Comisión para ante el Tribunal Supremo. En tales casos es de
aplicación el artículo 9 y no el 28 de la ley sobre la materia. *Rodríguez
v. La Comisión de Indemnizaciones a Obreros,* 31 D. P. R. 183.

Moción sobre reconsideración de resolución de julio 11, 1924 (per
curiam) que desestimó recurso de apelación. *Denegada.*

*Attorney General* y *Sr. C. Llauger Díaz,* abogados de la apelante;
*A. Aponte, Jr.,* y *F. Gallardo,* abogados de las apeladas.

El Juez Asociado Señor Franco Soto, emitió la opinión del
tribunal.

En este caso se pide por la apelante que reconsideremos
nuestra resolución de fecha 11 de julio de 1924 (per curiam)
por la que desestimamos el recurso de apelación fundándo-
nos en el caso de *Rodríguez* v. *Comisión de Indemnizaciones
a Obreros,* 31 D.P.R. 183.

Se basa el apelante en que el caso citado no es aplica-
ble y sí el de *Rivera* v. *Comisión de Indemnizaciones a Obre-
ros,* 29 D.P.R. 393, y se apoya además en el art. 28 de la
Ley de Indemnizaciones a Obreros tal y como quedó en-
mendado por la ley No. 61 de 1919 (p. 333). Parece sin
embargo que el artículo 28 citado no es de aplicación. Este
precepto se refiere a los patronos que empleasen obreros
bajo las condiciones establecidas en la ley disponiéndose
que estarán obligados a contribuir al "fondo de depósito
para indemnizaciones a obreros" y más adelante se esta-
blece que a instancia de la parte agraviada, la Corte de
Distrito competente podrá revisar mediante *certiorari* cual-
quier decisión de la comisión. Pero en esta disposición de
la ley no se menciona en nada al obrero en sus relaciones
con la comisión y es porque en el artículo 9 de dicha ley es

que se establecen los recursos que puede utilizar el obrero o sus causahabientes en caso de reclamación contra las decisiones de dicha comisión.

Esta es una reclamación de los herederos del obrero fallecido, con motivo de un accidente ocurrido durante su trabajo. Y siendo esto así la disposición aplicable es el artículo 9 en la que no se autoriza el recurso de apelación a la Comisión de Indemnizaciones a Obreros de las decisiones de la corte de distrito. Es verdad que los peticionarios no siguieron estrictamente el procedimiento que marca el artículo 9 pero ésta era una cuestión para la demandada quien ha debido hacer que se encauzara el procedimiento por los trámites marcados por la ley.

*Por lo expuesto la moción debe denegarse.*