MARIANA CUEVAS, demandante y apelada, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS, demandada, y ALFONSO HERNANDEZ, apelante.

No. 5908.—*Sometido:* Enero 26, 1933.—*Resuelto:* Febrero 7, 1933.

512

*Largé & Acevedo,* abogados del apelante; *Buenaventura Esteves,* abogado de la apelada; *Hon. Attorney General Charles E. Winter* y *E. de Aldrey, Subprocurador,* abogados de la Comisión demandada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Mariana Cuevas es la apelada en este caso. Ella fué la demandante en la corte inferior. Instituyó un pleito en la Corte de Distrito de Aguadilla para anular la indemnización concedida por la Comisión de Indemnizaciones a Obreros o la Junta Liquidadora que la substituyó.

La indemnización fué concedida a un pintor llamado Alfonso Hernández. Éste trabajaba en una casa perteneciente a Mariana Cuevas. Un carpintero había colocado un andamio en la casa. No hay duda alguna de que el andamio estaba incompleto, toda vez que le faltaban el respaldo o

barandillas. Sobre este andamio el obrero colocó un cajón y se subió sobre el mismo. Él resbaló o se cayó y sufrió lesiones por las cuales la Comisión de Indemnizaciones concedió daños y perjuicios.

Esta demanda de nulidad fué debidamente contestada por la comisión. Literalmente el obrero compareció como *amicus curiae*. Empero en la corte inferior y en esta corte en gran parte la contienda fué librada por Mariana Cuevas y Alfonso Hernández. Este último es el apelante. La ley concedía al obrero el derecho a apelar. *Rodríguez* v. *Comisión de Indemnizaciones a Obreros,* 31 D.P.R. 183.

Cuando la demandante terminó de practicar su prueba, la demandada presentó una moción de *nonsuit* por varios fundamentos. Uno de ellos era que la demandante no había probado que ella no fuera el patrono responsable. Naturalmente, aun siéndolo, de acuerdo con la sección 4 de la Ley No. 61 de 1921 ella tenía derecho a defenderse de la reclamación hecha por Alfonso Hernández, fundada en imprudencia temeraria o negligencia crasa, suponiendo, tal cual nosotros lo hacemos, que se estableciera esta defensa. Otro fundamento de la moción de *nonsuit* fué que de acuerdo con la sección 20 de la ley de indemnizaciones a obreros, según fué enmendada por la Ley No. 102 de 1925, Leyes de ese año, pág. 944, un patrono no asegurado no podía plantear la defensa de negligencia contribuyente de parte del obrero, aun si este último hubiera sido culpable de imprudencia temeraria. La corte oyó alguna prueba adicional sobre la cuestión de si Mariana Cuevas era o no el patrono responsable y entonces declaró sin lugar la moción.

La apelada sostiene que la preponderancia de la prueba estaba a su favor y que fué su padre como arrendatario de la casa, y no ella, la persona que empleó a este pintor y a otros obreros para que hicieran el trabajo. La corte evidentemente no se convenció de que Mariana Cuevas no fuera el patrono responsable, y la apelada no nos convence de que la corte inferior estuviera equivocada a este respecto.

Podría agregarse que la corte en su decisión final no entró en la cuestión de si Mariana Cuevas era o no el patrono responsable.

La demandada entonces presentó prueba y la corte, según hemos indicado, dictó sentencia a favor de la demandante fundándose en que Alfonso Hernández había sido culpable de imprudencia temeraria.

La corte llegó a la conclusión de que el apelante, en unión a otros obreros, trabajaba en una casa en el pueblo de Lares, perteneciente a Mariana Cuevas, que se decía estar arrendada a José Cuevas; que habiendo dejado de pintar en la sala, sin que nadie se lo ordenara, se subió en un andamio que había sido construído sobre el balcón con el objeto de pintar el frente de la casa, andamio que aun no estaba terminado toda vez que le faltaban las barandillas y que por consiguiente era peligroso; que no obstante esto Alfonso Hernández, sin que nadie se lo ordenara, puso un cajón en el andamio y se subió sobre él a pintar la parte superior de la fachada, y que estando allí perdió el equilibrió y se cayó del andamio; que el carpintero Felipe Pérez, que construyó el andamio y estaba haciendo reparaciones en la casa, y José Cuevas, quien lo había empleado, llamaron su atención hacia el hecho de que no debía subir al andamio, a pesar de lo cual, sin que Cuevas lo viera, y no obstante su admonición, la del carpintero y la de otras personas, entre ellas el márshal de la Corte Municipal de Lares que a la sazón pasaba por allí, se subió en el andamio y que fueron su imprudencia y temeridad las causantes del accidente.

El apelante llama nuestra atención hacia un número de casos que tienen posible analogía, al efecto de que la conducta del obrero no debió haberse considerado como temeraria o como negligencia crasa. Mas creemos que cada caso debe ser juzgado por sus propios hechos. La prueba en detalle demostró que varias personas aconsejaron al apelante que no se subiera en el andamio y que a pesar de ello él lo hizo. En

la silla testifical el óbrero negó haber recibido advertencia alguna, mas la corte evidentemente no le creyó.

No importa que el apelante no tuviera intención criminal o que no fuera movido por malicia al subirse en el andamio. Lo que ocurrió al apelante no fué, como en algunos de los casos citados, un súbito impulso de actuar, sino que, de acuerdo con la prueba, lo cierto fué que él, deliberada y voluntariamente y en contra de repetidas admoniciones, subió a un andamio sin terminar que era peligroso de por sí y había sido hecho más peligroso aún mediante la colocación de un cajón.

Estas consideraciones quedan robustecidas por la ley (No. 30) de marzo 13, 1913 (p. 73), enmendada en diciembre 1, 1917 (Ley No. 46, p. 351), y julio 7, 1923 (Ley No. 25, p. 225), que dispone que no se usará andamio alguno sin setos o barandillas o su equivalente, y el patrono está sujeto a multa si infringe esa disposición. La ley misma ha reconocido el carácter peligroso de un andamio, y ha tratado de proveer protección contra tal peligro.

*Debe confirmarse la sentencia apelada.*